FILED

NOV 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARACELI HERNANDEZ; et al., | No. 07-74986 |
| Petitioners, | Agency Nos. A096-385-884 |
| v. | A096-385-880 |
| | A096-385-881 |
| ERIC H. HOLDER, Jr., Attorney General, | A096-385-883 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Araceli Hernandez and three of her sons, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' orders dismissing their

appeals from the immigration judge's ("IJ") decisions denying their applications

for withholding of removal and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that the threats petitioners received from police after they sought to file a complaint against a police officer amounted to persecution or demonstrated a clear probability of persecution. *See Lim v. INS*, 224 F.3d 929, 936-38 (9th Cir. 2000) (unfulfilled threats, without more, generally do not constitute persecution); *Ramadan v. Gonzales*, 479 F.3d 646, 658 (9th Cir. 2007) (threats alone did not demonstrate a clear probability of persecution). Accordingly, petitioners' withholding of removal claims fail. *See* 8 U.S.C. § 1231(b)(3).

We lack jurisdiction to review any assertion by Hernandez's son, Raymundo San Augustin-Hernandez, that he is eligible for CAT relief, because he specifically declined to apply for that relief before the IJ. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Substantial evidence supports the IJ's denial of CAT relief to the remaining petitioners because they failed to establish it is more likely

07-74986

than not that they will be tortured if returned to Mexico.  *See Wakkary v. Holder*,

558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**